UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| JAMES F. MCAULIFFE, | ) | CHAPTER 7 |
| | ) | CASE NO. 16-11089-MSH |
| Debtor. | ) | |
| | ) | |
| JOHN O. DESMOND, CHAPTER 7 | ) | |
| TRUSTEE FOR THE ESTATE OF | ) | |
| JAMES F. MCAULIFFE, | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff | ) | NO. 16-_____-MSH |
| v. | ) | |
| | ) | |
| ROBIN S. GILBERT, | ) | |
| | ) | |
| Defendant. | ) | |

## ADVERSARY COMPLAINT

### JURISDICTION, VENUE AND STANDING

1.      The Plaintiff, John O. Desmond, Chapter 7 trustee for the estate of James F. McAuliffe (the "Debtor"), brings this adversary proceeding pursuant to § 363(h) of the United States Bankruptcy Code and Rule 7001(3) of the Federal Rules of Bankruptcy Procedure.

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

3.      Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1409(a).

<u>PARTIES</u>

4.      The Plaintiff, John O. Desmond, Chapter 7 trustee for the estate of John O.

Desmond (the "Plaintiff" or "Trustee") maintains the right to bring and prosecute all actions

against the Defendant pursuant to 11 U.S.C. § 363(h) of the Bankruptcy Code.

5.      The Defendant, Robin S. Gilbert (the "Defendant") is the Debtor's wife.  She is

an individual who, upon information and belief, resides at 23 Gurney Street, Cambridge,

Massachusetts.

<u>BACKGROUND</u>

6.      On March 28, 2016, the Debtor filed a voluntary petition pursuant to Chapter 7 of

the Bankruptcy Code.

7.      On March 29, 2016, the Trustee was appointed as the Chapter 7 trustee of the

Debtor's bankruptcy estate.

8.      On May 4, 2005, the Debtor and the Defendant took title as tenants by the entirety

to certain real estate known and numbered as 23 Gurney Street, Cambridge, Massachusetts (the

"Subject Real Estate") by a deed recorded with the Middlesex County South Registry of Deeds

in Book 44610, Page 258.

9.      The Debtor's 50% interest in the Subject Real Estate is property of the bankruptcy

estate.

10.     The Trustee has been provided an appraisal that indicates that the Subject Real

Estate had a fair market value of $2,577,000 as of January 27, 2016.  The Subject Real Estate

has an assessed value of $1,950,300.00.

11.     The Subject Real Estate is encumbered by a first mortgage that is held by

Emigrant Bank which secures an obligation in the approximate amount of $1,070,000 (the

"Emigrant Mortgage").  The Debtor's interest, and not the Defendant's interest, is encumbered

2

by a second mortgage that is held by February Investors which secures an outstanding

obligation in the approximate amount of $1,850,000 (the "February Mortgage").  The Subject

Real Estate is also encumbered by a lien held by the Massachusetts Department of Revenue that

secures a joint debt in the amount of $276,901.94 and a total of eleven writs of attachment or

executions held by various creditors.

12.    The Debtor is asserting an exemption in the value of the Subject Real Estate.

13.    February Investors has agreed to provide the bankruptcy estate with a $90,000

carve out of its security upon the sale of the Subject Real Estate.

<u>CLAIM FOR RELIEF PURSUANT TO § 363(h)</u>

14.    The Trustee repeats and realleges paragraphs 1 through 13 of this Adversary

Proceeding and incorporates them herein.

15.    Partition in kind of the Subject Real Estate between the bankruptcy estate and the

Defendant is not practical.

16.    Sale of the bankruptcy estate's undivided interest in the Subject Real Estate would

likely realize less for the bankruptcy estate than a sale of such property free of the interests of the

Defendant.

17.    The benefit to the bankruptcy estate of the sale of the Subject Real Estate free of

the interests of the Defendant outweighs the detriment, if any, to the Defendant.

18.    The Subject Real Estate is not used in the production, transmission, or

distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

19.    Pursuant to 11 U.S.C. § 363(h), the Trustee is entitled to sell both the Debtor's

interest and the Defendant's interest in the Subject Real Estate.

20.    Pursuant to 11 U.S.C. § 363(j), the Trustee will make a distribution to the

Defendant from the net proceeds of the sale according to her interest in the Subject Real Estate.

3

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against

the Defendant:

    a.  Authorizing the Trustee to sell both the Debtor's interest and the Defendant's interest in the Subject Real Estate located at 23 Gurney Street, Cambridge, Massachusetts, pursuant to 11 U.S.C. § 363(h); and

    b.  Granting the Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF JAMES F. MCAULIFFE,

By his attorneys,

/s/ Mark G. DeGiacomo
Mark G. DeGiacomo, Esq. BBO #118170
Murtha Cullina LLP
99 High Street
Boston, MA  02110
617-457-4000 Telephone
617-482-3868 Facsimile
mdegiacomo@murthalaw.com

Dated:  September 15, 2016

4