UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BANKRUPTCY DIVISION

|  |  |  |
|---|---|---|
| In Re: | ) | Chapter 7 |
| JAMES F. MCAULIFFE | ) | Case No. 16-11089-MSH |
| Debtor | ) |  |
| ---------------------------------------------- |  |  |
|  | ) |  |
| JOHN DESMOND, | ) |  |
| CHAPTER 7 TRUSTEE | ) |  |
| Plaintiff | ) |  |
|  | ) | Adversary Proceeding |
| v. | ) | No. 16-01164 |
|  | ) |  |
| ROBIN S. GILBERT | ) |  |
| Defendant | ) |  |
|  | ) |  |

## ANSWER OF DEFENDANT TO ADVERSARY COMPLAINT

To the Honorable Melvin S. Hoffman, Bankruptcy Judge:

The above captioned Defendant submits the following answer to the Adversary Complaint which was filed with this Court on September 15, 2016. The Answer deadline as extended is October 31, 2016.

### JURISDICTION, VENUE AND STANDING

1. Admitted.

2. Admitted.

3. Admitted.

### PARTIES

4. Admitted.

5. Admitted.

1

BACKGROUND

6. Admitted.

7. Admitted.

8. Admitted.

9. It is admitted that the Debtor's interest in the property is property of the bankruptcy estate.

10. The allegations in the first sentence of paragraph 10 are admitted. The Defendant has no knowledge of the allegations in the second sentence, calls upon Plaintiff to prove same and therefore denies same.

11. The first sentence of paragraph 11 is admitted. The Defendant states that the second mortgage held by Friday Investors is only signed by the Debtor and not the Defendant. The third sentence is admitted. In addition, the Defendant states that there are 12 Writs of Attachment/Executions totaling in excess of $24 Million Dollars which are liens on the Real Estate as that term is defined below.

12. It is admitted that the Debtor is asserting a homestead exemption in his residence in the amount of $500,000.00. Said exemption has not been challenged.[1]

13. The Defendant has no knowledge of the allegation contained in paragraph 13 and calls upon the Trustee to prove same.

CLAIM FOR RELIEF PURSUANT TO SECTION 363(h)

14. The Defendant repeats the responses contained in paragraphs 1-13 above and specifically incorporates them by reference herein.

---

[1] The 341 meeting has not been concluded but the undersigned has not been informed by any party in interest that there is a basis to object to said homestead.

15. The allegations in paragraph 15 of the Complaint are denied.

16. The allegations in paragraph 16 of the Complaint are denied.

17. The allegations in paragraph 17 of the Complaint are denied.  The Real Estate is the residence of the Defendant and requiring her to move from her residence is a significant detriment which cannot be overcome by the payment of sale proceeds.

18. The allegations in paragraph 18 are admitted.

19. The allegations in paragraph 19 are denied.

20. The allegations in paragraph 20 are denied.

## AFFIRMATIVE DEFENSES

1. The Trustee has not indicated in the Complaint how he will deliver clear title to a potential purchaser.  As indicated in paragraph 11 above, there are judicial liens and executions on the real estate located at 20 Gurney Street, Cambridge, Massachusetts (the "Real Estate") well in excess of the value thereof.  None of the judicial lien holders are defendants in this adversary proceeding.

2. The Trustee has not provided a basis upon which February Investors has the ability to foreclose upon the Real Estate or to grant to the Trustee a carve out of its position.

3. The Real Estate is owned by the Debtor and the Defendant.

4. The Real Estate is their residence.

5. There are no joint creditors in this case so the Trustee cannot utilize 11 U.S.C. 363(h) or any statutory basis to sell the Real Estate which, as admitted by the Plaintiff, is owned as tenants by the entirety.

WHEREFORE, the Defendant requests that this Court deny the relief requested by the Trustee.

                Robin S. Gilbert
                By her Counsel,

Dated: October 28, 2016       /s/Gary W. Cruickshank, Esq.
                21 Custom House Street
                Suite 920
                Boston MA 02110
                (617)330-1960
                (BBO107600)
                gwc@cruickshank-law.com

## CERTIFICATE OF SERVICE

I, Gary W. Cruickshank, hereby certify that on October 28, 2016, I electronically filed with the Clerk of the Bankruptcy Court, the attached Notice and served same in the following manner upon the interested parties:

E-mail service:  via the Court's CM/ECF system which sent notification of such filing to the following:

- **John O. Desmond**   trustee@jdesmond.com
- **Mark DeGiacomo**   mdegiacomo@murthalaw.com

                /s/Gary W. Cruickshank, Esq.