**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| JAMES F. MCAULIFFE, ) | CHAPTER 7 |
| ) | CASE NO. 16-11089-MSH |
| Debtor. ) | |
| _____) | |
| ) | |
| JOHN O. DESMOND, CHAPTER 7 ) | |
| TRUSTEE FOR THE ESTATE OF ) | |
| JAMES F. MCAULIFFE ) | |
| ) | |
| Plaintiff, ) | |
| ) | ADVERSARY PROCEEDING |
| v. ) | NO. 16-01164-MSH |
| ) | |
| ROBIN S. GILBERT, ) | |
| ) | |
| Defendant. ) | |

### [PROPOSED] DISCOVERY PLAN AND RULE 26(f) CERTIFICATION

Pursuant to Fed. R. Civ. P. 26(f), as made applicable to this proceeding by Fed. R. Bankr. P. 7026, and this Court's Pretrial Order dated October 31, 2016, the Parties present the following joint discovery plan for the Court's consideration and approval in connection with the above-captioned matter.

1. **Certification of Rule 26(f) Conference of Parties**

The undersigned counsel for the Parties certify that they conferred pursuant to Rule 26(f) on November 21, 2016 for the purpose of discussing, among other things, those items identified in the Court's October 31, 2016 Pretrial Order.

1

2. **Discovery**

The Parties intend to undertake discovery in this matter as permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Bankruptcy Court.

    A.    **Initial Disclosures**

The Parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) no later than December 12, 2016 [approximately 21 days after the parties' Rule 26(f) conference].

    B.    **Subjects on Which Discovery Will Be Needed**

The Parties agree that discovery should not be limited to any particular issue and agree that discovery should not be phased. The Parties also agree that discovery will be needed on, but not limited to, the following subjects:

(a) All facts underlying the Trustee's allegations in the Adversary Complaint; and

(b) All facts underlying the Defendants responses to the allegations in the Trustee's Adversary Complaint and Defendants affirmative defenses;

    C.    **Joint Proposed Discovery and Pre-Trial Schedule**

(a) Deadline for the completion of all party and non-party fact discovery: February 21, 2017 [three (3) months from the date of the parties' Rule 26(f) conference]

(b) Deadlines for Expert Reports and Depositions (**if any**):

(i) For the Plaintiff's Expert Report: March 7, 2017 [thirty (30) days after the close of fact discovery]

    (ii) For the Defendant's Expert Report: <u>April 19, 2017</u> [thirty (30) days after service of Plaintiff's reports]

    (iii) All expert depositions must be noticed and completed by <u>May 8, 2017</u> [approximately thirty (30) days after exchange of expert reports]

(c) Summary Judgment: In the event that **no** Expert Reports and Depositions are anticipated by either party, summary judgment motions to be filed by <u>March 22, 2017</u> [approximately thirty (30) days after the date for the completion of all party and non-party fact discovery:]. If Expert Reports and Depositions are anticipated by either party, summary judgment motions to be filed by <u>June 20, 2017</u> [approximately thirty (30) days after the date for completion of expert depositions];

(d) Joint Pretrial Memorandum. The date for filing a Joint Pretrial Memorandum shall be set by the Court after decision on any summary judgment motions. If no summary judgment motions are filed by June 20, 2017, then the parties request that the Court issue an order setting a date for submission of a pre-trial memorandum at that time. The Joint Pretrial Memorandum shall include those subject matters identified in paragraph 6 of the Court's October 31, 2016 Pretrial Order.

D. **Electronically Stored Information**

The Parties propose the following procedures for the preservation, disclosure and management of electronically stored information:

(a) In their Rule 26(a) initial disclosures, the Parties shall comply with Fed. R. Civ. P. 26(a)(1)(A)(ii) insofar as Fed. R. Civ. P. 26(a)(1)(A)(ii) applies to electronically stored information.

(b) In the event that any information that is to be produced is stored solely in electronic form, parties shall produce such information in its electronic form. Paper documents shall be produced in paper form, or in such other form and medium as is mutually agreeable to the parties.

(c) The Parties shall take reasonable steps to preserve electronically stored information, consistent with Fed. R. Civ. P. 37(e).

E. **Issues Concerning Claims of Privilege or Protection of Trial Preparation Materials**

The Parties propose the following procedures in order to minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production: Claims of privilege after production will be governed by Fed. R. Civ. P. 26(b)(5)(B).

F. **Discovery Limitations**

The parties believe that the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court should apply to this case, except that the parties may seek leave to propound more than twenty-five (25) interrogatories and to conduct any additional discovery should it become necessary.

4

G. **Further Orders**

Pursuant to Fed. R. Civ. P. 26(f)(3)(F), the Parties do not request that the Court enter any other orders at this time.

| | |
|---|---|
| **JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF THE ESTATE OF JAMES. F. MCAULIFFE**<br><br>**By his attorneys,**<br><br>*/s/ Anthony R. Leone*<br>Mark. G. DeGiacomo - BBO #118170<br>Anthony R. Leone - BBO #681760<br>Murtha Cullina LLP<br>99 High Street<br>Boston, MA 02110-2320<br>Telephone:  617.457.4000<br>Facsimile:  617.482.3868<br>mdegiacomo@murthalaw.com<br>aleone@murthalaw.com | **ROBIN S. GILBERT**<br><br>**By her attorney,**<br><br>*/s/ Gary W. Cruickshank*<br>Gary W. Cruickshank – BBO # 107600<br>21 Custom House St., #920<br>Boston, MA 02110<br>Telephone: 617.330.1960<br>gwc@cruickshank-law.com |

Date: November 30, 2016

5